UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GARRET BROUSSARD** | **CASE NO. 2:19-CV-00603** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FARMERS TEXAS COUNTY MUTUAL INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 45] filed by plaintiff, seeking a ruling on liability for the subject motor vehicle accident. Defendants oppose the motion. Doc. 48.

I.
BACKGROUND

This suit arises from a rear-end collision that occurred on April 9, 2018, in Sulphur, Louisiana. Defendant Wilford LeBlanc was stopped at an intersection with a red traffic signal and at least one vehicle parked in front of him. Doc. 45, att. 4, pp. 15–19. At this time he also observed plaintiff Garret Broussard's white truck on his right, in the parking lot of a nearby convenience store. *Id.* While waiting for the light to change he looked down at the map on his cell phone. *Id.* When he looked up, the signal for his lane had turned green, the vehicle ahead of him had moved on, and he began to drive forward. *Id.* In that time, however, Broussard had pulled into the road ahead of him. *Id.*; doc. 45, att. 6, p. 21. Broussard was attempting to enter the turn lane to LeBlanc's left but could not do so because of another vehicle; accordingly, the rear part of his truck was angled into the lane

in front of LeBlanc. Doc. 45, att. 6, pp. 21–22. When LeBlanc looked up, he looked at the light rather than directly in front of him. Doc. 45, att. 4, pp. 26–27. He drove forward approximately six feet and collided with the rear end of Broussard's vehicle, allegedly causing bodily injury to Broussard. *Id.* at 21–22.

Broussard filed suit against LeBlanc, his employer, and the employer's insurer in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 1. The defendants removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Broussard now moves for summary judgment on liability, asserting that the accident was solely due to LeBlanc's negligence. Doc. 45. Defendants oppose the motion and maintain that there are genuine issues of fact as to whether Broussard's operation of his vehicle contributed to the collision. Doc. 48.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit

"significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana courts determine liability for negligence is based on a duty-risk analysis. *Long v. State ex rel. Dept. of Transp. and Development,* 916 So.2d 87, 101 (La. 2005). Through this test the plaintiff must show all of the following:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the

> plaintiff's injuries (the scope of liability or scope of protection element); and
> (5) the actual damages (the damages element).

*Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (citing *Lemann v. Essen Lane Daiquiris,* 923 So.2d 627, 633 (La. 2006)). Louisiana courts also uniformly hold that a following motorist who rear-ends another car is presumed negligent. *Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987). Such accidents can still have multiple causes, however. The presumption of negligence accorded to the following motorist does not absolve the other driver of any contributory fault. *Thomas v. Empire Indem. Ins. Co.*, 206 F. App'x 397, 400 (5th Cir. 2006). Accordingly, Broussard is only entitled to summary judgment if he can show that there is no genuine issue of fact as to the role he played in the collision.

LeBlanc has admitted that he came to a stop and that he was looking at his phone shortly before the accident. He also testified that there was nothing preventing him from looking directly in front and spotting Broussard's vehicle, but that he just "wasn't expecting someone to pull across three lanes of traffic[.]" Doc. 45, att. 4, p. 26. Louisiana law provides that a driver should maintain his lane and not move from it until he ascertains that he can do so safely. La. Rev. Stat. § 32:79. Louisiana law also states:

> No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, **or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.**

La. Rev. Stat. 32:104(A) (emphasis added). Officer Young, who arrived on the scene after the accident and spoke to both parties, testified that fault was "50/50" and that he probably

would have ticketed both drivers if he had issued a citation.[1] Doc. 45, att. 5, pp. 16–17. The court lacks adequate information to determine whether it was reasonable for LeBlanc to assume his lane was still clear and to drive forward without double-checking after he saw that the light had changed. If so, then any breach of care by Broussard in entering the road as he did could have also been a cause in fact of the accident. Accordingly, summary judgment cannot be granted as to liability in this matter.

### IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 45] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 15th day of October, 2021.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Broussard objects to this testimony under Federal Rule of Civil Procedure 56(c) on the grounds that Young has not been qualified as an expert. Rule 56(c)(2) allows a party to object to summary judgment evidence on the grounds that it cannot be presented in a form that would be admissible at trial. Fed. R. Civ. P. 56(c)(2). However, at the summary judgment stage the evidence need only be **capable** of being presented in a form that would be admissible at trial. *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016). Courts in this circuit generally allow an officer who has investigated an accident and has appropriate training and experience to offer opinion testimony on the cause of that accident under Federal Rule of Evidence 702. *See Puga v. RCX Sols., Inc.*, 922 F.3d 285, 294–95 (5th Cir. 2019) (collecting cases); *e.g.*, *Shao v. Yu Lei*, 2019 WL 11637273 (W.D. Tex. Nov. 22, 2019). After reviewing his deposition testimony, the court determines that Young has a meritorious case for qualification under Rule 702. Accordingly, it rejects plaintiff's challenge at this stage.